UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

AMBER WUSTERBARTH,
individually and on behalf of
all others similarly situated,

    Plaintiff,

    v.           Case No. 21-C-1071

CREDIT SERVICE COMPANY,

    Defendant.

---

### DECISION AND ORDER GRANTING PLAINTIFF'S MOTION TO REMAND

---

  In this putative class action, Plaintiff Amber Wusterbarth alleges that Defendant Credit Service Company violated the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 et seq. Defendant removed this action from Brown County Circuit Court on September 14, 2021. Plaintiff moves to remand this matter to state court, pursuant to 28 U.S.C. § 1447(c), on the grounds that Defendant's removal was untimely and that she lacks Article III standing to pursue her claims in federal court. For the reasons that follow, Plaintiff's motion to remand is granted but her request for an award of attorney's fees is denied.

### BACKGROUND

  On April 16, 2021, Plaintiff, individually and on behalf of all others similarly situated, initiated this putative class action in state court, alleging that Defendant violated the FDCPA. Plaintiff filed an amended complaint on August 25, 2021. In the amended complaint, Plaintiff alleged that Defendant, a debt collector, sent her a letter, on December 7, 2020, to collect a debt. The top left of the letter states:

> Original Creditor: WILLOW CREEK BEHAVIORAL HEALTH
> Services Provided To: Amber Wusterbarth
> Service Type: Physician Charges

Am. Compl. at 15, Dkt. No. 1-1. The letter also contained the following information about the debt:

> CSC Account #: [Redacted]
> Service Date: 05/26/19
> Principal: $154.00
> Interest Rate: 5.000
> Amount Due: $154.00

*Id.* The letter states that "[t]his account has been placed with us for collection" and advises that "[t]his communication is from a debt collector and is an attempt to collect a debt. Any information obtained will be used for that purpose." *Id.* The letter instructed Plaintiff that "[a]ny written correspondence, including an instrument tendered as full satisfaction of a debt, is to be sent to Credit Service Company, Inc., PO Box 2247, Colorado Springs, CO 80901." *Id.* The second page of the letter states:

> **For All Consumers:** Unless you, within thirty (30) days after receipt of this notice, dispute the validity of this debt, or any portion thereof, our office will assume the debt to be valid. If you notify us in writing within such thirty (30) day period that the debt, or any portion thereof is disputed, we will obtain verification of the debt or a copy of a judgment, if applicable, and a copy of such verification or judgment will be mailed to you. Upon your written request within the thirty (30) days period, we will provide you with the name and address of the original creditor, if different from the current creditor. A consumer has the right to request in writing that a debt collector or collection agency cease further communication with the consumer. A written request to cease communication will not prohibit the debt collector or collection agency from taking any other action authorized by law to collect the debt.
>
> . . .
>
> **For Wisconsin Consumers: This collection agency is licensed by the Division of Banking in the Wisconsin Department of Financial Institutions, www.wdfi.org.**

*Id.* at 16.

Plaintiff claims that the letter violates the FDCPA. In particular, Plaintiff alleges that, while the letter identifies the original creditor, it does not name the current creditor to whom the debt is owed or inform Plaintiff who placed the debt for collection in violation of 15 U.S.C. § 1692g(a)(2). *Id.* at 13. She also asserts that the letter fails to provide a clear and unambiguous statement of the amount of the debt in violation of 15 U.S.C. § 1692g(a)(1). *Id.*

## ANALYSIS

Federal courts, as "courts of limited jurisdiction," "possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). State courts, as courts of general jurisdiction, are not so limited and, except where a federal statute confers exclusive jurisdiction in federal courts, state courts have concurrent jurisdiction to adjudicate claims arising under federal law. *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 378 (2012) (citing *Tafflin v. Levitt*, 493 U.S. 455, 458 (1990)). "[T]he constraints of Article III do not apply to state courts, and accordingly, the state courts are not bound by the limitations of a case or controversy or other federal rules of justiciability even when they address issues of federal law, as when they are called upon to interpret the Constitution or . . . a federal statute." *ASARCO Inc. v. Kadish*, 490 U.S. 605, 617 (1989). In other words, unless a federal statute expressly or impliedly provides otherwise, a plaintiff may bring federal claims in either state or federal court.

A defendant may remove a state court civil action to federal court under 28 U.S.C. § 1441(a), as long as the district court would have original subject matter jurisdiction over the action. As the party invoking federal jurisdiction, the defendant bears the burden of showing that the removal is proper and establishing that subject matter jurisdiction exists. *Boyd v. Phoenix Funding Corp.*, 366 F.3d 524, 529 (7th Cir. 2004) (citations omitted). "If at any time before final

3

judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded" to state court. 28 U.S.C. § 1447(c).

As an initial matter, Plaintiff challenges the timeliness of the removal, asserting that Defendant was properly served with the summons and complaint on April 20, 2021, and therefore the 30-day period for removal expired on May 20, 2021. She contends that her original complaint provided the facts necessary to support a removal petition by asserting claims under the FDCPA. Plaintiff also asserts that Defendant waived its right to remove by joining issue on the merits for several months in state court. Even though the original complaint contained alleged violations of the FDCPA, Defendant argues that the original complaint failed to allege facts sufficient to establish standing in any court. It asserts that the amended complaint contained "new alleged injuries in fact, which were not included in the original complaint." Dkt. No. 1 at ¶ 5.

Under 28 U.S.C. § 1446(b), "if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). Defendant could not remove the action to federal court until it had a basis to establish that subject matter jurisdiction exists. Defendant removed the action to state court within thirty days of Plaintiff filing the amended complaint and asserted that Plaintiff suffered an injury in fact based on the more detailed allegations of injury contained in the complaint. In short, Defendant's removal was timely.

Plaintiff argues that, even considering the allegations in the amended complaint, the Court does not have subject matter jurisdiction in this case because she lacks Article III standing. Article III of the United States Constitution limits the jurisdiction of federal courts to actual "cases" or

"controversies" brought by litigants who demonstrate standing. *UWM Student Assoc. v. Lovell*, 888 F.3d 854, 860 (7th Cir. 2018) (citation omitted). To establish standing, three criteria must be satisfied: the litigant must have "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016). Plaintiff asserts that she does not allege a concrete injury sufficient to confer Article III standing. To establish injury in fact, a plaintiff must have suffered "'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Id.* at 1548 (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)). "A concrete injury is a *real* injury—that is, one that actually exists, though intangible harms as well as tangible harms may qualify." *Nettles v. Midland Funding LLC*, 983 F.3d 896, 899 (7th Cir. 2020) (citation omitted).

The Seventh Circuit has recently had occasion to extensively discuss the issue of standing in FDCPA cases. *See, e.g.*, *Casillas v. Madison Ave. Assocs., Inc.*, 926 F.3d 329 (7th Cir. 2019); *Larkin v. Fin. Sys. of Green Bay, Inc.*, 982 F.3d 1060 (7th Cir. 2020); *Bazile v. Fin. Sys. of Green Bay, Inc.*, 983 F.3d 274 (7th Cir. 2020); *Spuhler v. State Collection Servs., Inc.*, 983 F.3d 282 (7th Cir. 2020); *Nettles v. Midland Funding LLC*, 983 F.3d 896 (7th Cir. 2020); *Pennell v. Global Trust Mgmt., LLC*, 990 F.3d 1041 (7th Cir. 2021); *Markakos v. Medicredit, Inc.*, 997 F.3d 778 (7th Cir. 2021); *Wadsworth v. Kross, Lieberman & Stone, Inc.*, 12 F.4th 665 (7th Cir. 2021). The court has held that "the violation of an FDCPA provision, whether 'procedural' or 'substantive,' does not necessarily cause an injury in fact. Rather, to fulfill the injury in fact requirement, the violation must have 'harmed or presented an "appreciable risk of harm" to the underlying concrete interest that Congress sought to protect.'" *Markakos*, 997 F.3d at 780 (citations omitted).

5

Defendant relies on the following allegations in Plaintiff's amended complaint to establish that she has suffered an injury in fact:

- Plaintiff sought the help of an attorney and was injured by the time and expense she lost in connection with the same which was directly caused by CSC's deceptive and confusing letter.

- By failing to identify the creditor of the Debt, Plaintiff was left in doubt as to the name of the current creditor and whether she was the unwitting target of a financial fraud and whether the Debt was a fraud or legitimate.

- By failing to identify the creditor of the Debt, Plaintiff could not pay the Debt and know whether it would be considered as "full satisfaction" of the Debt by the "current creditor."

- Plaintiff was injured by the amount of the Debt increasing from accruing interest which contributed to her need to file for bankruptcy.

Am. Compl. ¶¶ 38, 45–47. Defendant argues that, "[t]aken together, these allegations assert that Plaintiff was not only confused and unsure about the legitimacy of the debt or what effect payment would have, but that she actually did not pay the debt for those reasons, as interest would not have continued to accrue if the debt had been paid." Def.'s Br. at 7, Dkt. No. 17.

But the amended complaint does not contain any allegations that the letter "detrimentally affected" the handling of Plaintiff's debts. *Spuhler*, 983 F.3d at 286. Although Plaintiff claims she was confused and was unsure if she was the "unwitting target of a financial fraud," Am. Compl. ¶ 45, Plaintiff's confusion about who to pay does not establish standing. Plaintiff does not allege that the letter "led her to change her course of action." *Pennell*, 990 F.3d at 1045. She does not allege that she would have paid the amount absent this confusion or that she attempted to clarify her confusion, make a payment toward the debt, or handled her debts differently. In short, the allegations contained in Plaintiff's amended complaint are insufficient to constitute an injury in fact.

Defendant's assertion that Plaintiff suffered a concrete and particularized injury because she alleges she was "injured by the time and expense she lost in connection with" seeking the help of an attorney fares no better. Am. Compl. ¶ 38. The Seventh Circuit has held that hiring an attorney in response to a debt collection notice does not, in itself, establish Article III standing without allegations of a concrete harm. *See Nettles*, 983 F.3d at 900; *Burnett v. Convergent Outsourcing, Inc.*, 892 F.3d 1067, 1068–69 (7th Cir. 2020); *Gunn v. Thrasher, Buschmann & Voelkel, P.C.*, 982 F.3d 1069, 1071–72 (7th Cir. 2020). The court explained that, if hiring an attorney were enough, then every plaintiff who was represented by counsel would have standing to sue, and "the need to have a concrete injury that could be cured by a favorable judicial decision would be abolished." *Gunn*, 982 F.3d at 1072; *see also Burnett*, 982 F.3d at 1069 ("A desire to obtain legal advice is not a reason for universal standing."). Because the amended complaint does not contain allegations of a concrete harm to support standing, the Court lacks subject matter jurisdiction over Plaintiff's claims. Therefore, the case must be remanded to state court. *See* 28 U.S.C. § 1447(c).

Plaintiff asserts that the Court should award Plaintiff the attorney's fees incurred for bringing this motion. Section 1447 provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(d). Plaintiff asserts that an award of attorney's fees is appropriate because none of the injuries alleged in the amended complaint give rise to Article III standing. "An award of fees under § 1447(c) is left to the district court's discretion" and may be required only where the removing party lacked an objectively reasonable basis for seeking removal. *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 139, 141 (2005). The Court finds that, given the rapidly evolving litigation over what constitutes a concrete injury in fact in the context of FDCPA claims

7

in this circuit, Defendant had an objectively reasonable basis to remove this case. Despite Plaintiff's assertions to the contrary, there is no indication that Defendant acted in bad faith in removing this case. This is true even though Defendant asserted Plaintiff's lack of standing as an affirmative defense in its answer to the amended complaint. Given the uncertainty of the law on the issue, Defendant's attempt to remove the case based on Plaintiff's "beefed-up" allegations concerning standing does not mean their affirmative defense was in bad faith. Therefore, the Court declines to award fees and costs in this case.

## CONCLUSION

For these reasons, Plaintiff's motion for remand (Dkt. No. 12) is **GRANTED**. This matter is remanded to Brown County Circuit Court. Plaintiff's request for fees is denied.

**SO ORDERED** at Green Bay, Wisconsin this 23rd day of November, 2021.

s/ William C. Griesbach
William C. Griesbach
United States District Judge